ELIAS CRAFTS & another, trustees, *vs.* SARAH A. HUNNEWELL.

Norfolk.    January 27. — July 2, 1880.

A testator devised his estate to trustees, in trust to pay the income of $4000 to his son for life; to his son's wife for life, if she should survive him; and, on their death, the income and principal to go with the residue of his estate. The will also contained many provisions for the income of different portions of his estate, and included in the remainder " the income of any of the aforegoing principal sums that may lapse thereinto." By a codicil, which recited that he had given his son the income of $4000 for life, he declared that he altered the legacy by adding to the same the income of $2000 additional " to be paid in the same way and manner." By a subsequent codicil he directed his trustees to pay the in come of $4000, in addition to the income of $6000, to his son, " so that he shall have the income of $10,000 during his life; the principal sum on his decease to lapse into the residue of my estate." *Held,* that the bequest to the wife of his son was revoked by this codicil.

PETITION to the Probate Court by the trustees under the will of Joseph Hunnewell for instructions on the question whether a provision in the will in favor of Sarah A. Hunnewell for her life was revoked by the third codicil of the will. The judge of probate ordered a decree to be entered that it was so revoked; and Sarah A. Hunnewell appealed to this court. Hearing before *Morton*, J., who reserved the case for the consideration of the full court. The material provisions of the will and codicils appear in the opinion.

*O. B. Mowry*, for the appellant.

*J. H. Tyler*, for the residuary legatees.

LORD, J.   Joseph Hunnewell gave his entire estate, with trifling exceptions, to trustees, who were to dispose of the income of it in a manner directed by the will; and by the seventh article of his will those trustees were required to pay to Edwin Hunnewell, his son, the income of four thousand dollars " as long as he shall live, and if his wife Sarah should survive him, then to pay such income to her as long as she shall live." The will was dated December 22, 1870.

In November 1871, he made a codicil, by which he increased the bequest to his son Edwin, and, besides directing his trustees to pay him the income of four thousand dollars, directed them to pay the income of the additional sum of two thousand dollars, " to be paid in the same way and manner." If there were

nothing further, it would be difficult to hold that the provision of the will in favor of Sarah, the wife of Edwin, was revoked by this codicil. By the eighth clause of his will, he directs the trustees to pay the income of four thousand dollars a year to his son George Hunnewell so long as he may live; and, although it was not necessary to state the fact, he had evidently increased his bounty to George by the addition of the income of two thousand dollars, as he had to Edwin.

In October 1873, he made a third codicil to his will, containing this provision: " And, secondly, I direct my trustees to pay the income of four thousand dollars, in addition to the income of six thousand dollars hereinbefore mentioned in my will and codicil, to each of my sons, Edwin and George, so that they shall have each of them the income of ten thousand dollars during their life; the principal sum on their decease to lapse into the residue of my estate. In all other respects I ratify and confirm my said will and codicils."

A majority of the court are of opinion that this clause of the codicil revokes the gift to the wife of Edwin. The testator, by the words "principal sum," could have meant no other sum than the ten thousand dollars, the income of which was payable to Edwin during his life; and having provided that, upon the death of Edwin, that principal sum should be devoted to another and different use, he could not have intended that the income of it, or of any part of it, should be devoted to the benefit of his son's wife. The testator in his will makes many provisions for the income of certain portions of his estate, for longer or shorter periods, and then provides that the income of all the rest is to be held for a certain purpose for the term of twenty years; but he takes care to include in the remainder of his estate " the income of any of the aforegoing principal sums that may lapse thereinto." Whether by oversight or by design, the testator, by limiting the payment of the income to Edwin's lifetime, and by devoting the principal to another purpose at his death, has so clearly revoked the bequest in favor of Edwin's wife, that to attempt by construction to continue his bounty to her would be rather the exercise of testamentary than of judicial authority.

*Decree of Probate Court affirmed.*